## W. Seaman *against* B. F. Haskins.

A. being indebted to B. in the sum of 1785 dollars, for goods sold and delivered, and to other creditors, on the 1st of January, 1793, executed a bond to C. and D. for 22,500 dollars, for and on account of all his debts, and including the sum due to B. on which bond a judgment was entered in April, 1793. Afterwards, on the 18th of July, 1793, A. gave B. a single bill for the 1785 dollars ; and on the 1st of August, 1793, B. affirmed the trust in C. and D. as to the judgment, and on the 2d of August, directed a *ca. sa.* to be issued on the judgment, on which A. was taken into custody, and afterwards, by consent of B. was discharged.  In an action brought by B. on the single bill against A. it was held, that B. having as a *cestuy que trust* of the judgment, affirmed the trust, and elected to proceed on the judgment, and to obtain satisfaction of his debt ; the single bill was thereby discharged.

A judgment being a debt of a higher nature will be sufficient to discharge a bond if accepted as a satisfaction.

THIS was an action of debt.  The declaration was on a single bill, for 1785 dollars and 85 cents, dated the 18th of July, 1793.  The defendant pleaded, 1. *Non est factum.* 2. Payment. 3. That "on the first day of January, 1793, [*196]  he, the said Benjamin, was, at the city, *county and ward aforesaid, indebted to the said Willet, in a large sum of money, to wit, the sum of 1785 dollars and 85 cents, for goods, wares and merchandizes, then before that time, there sold, and delivered by the said Willet to the said Benjamin ; and being so indebted, he the said Benjamin, afterwards, to wit, at the city, county and ward aforesaid, made and executed a certain writing obligatory, to a certain Anthony Franklin, Joseph Bird and Edmund Prior, for a large

Seaman v. Haskins.

sum of money, to wit, 9000 pounds, being of the value of 22,500 dollars, for, and on account of the said sum of money, so due to the said Willet, for the said goods, wares and merchandizes, so as aforesaid sold and delivered by the said Willet to the said Benjamin, and for, and on account of all other moneys owing by the said Benjamin; and that, afterwards, to wit, of the term of April, 1793, the said Anthony Franklin, Joseph Bird and Edmund Prior, recovered judgment, on the said writing obligatory, for 9000 pounds, being of the value aforesaid against the said Benjamin; and that afterwards, to wit, on the said 18th day of July, 1793, at the city, county and ward aforesaid, the said Benjamin made and executed the said bill obligatory, in the declaration of the said Willet mentioned; and the said Benjamin avers, that the said bill obligatory, in the said declaration mentioned, was made and executed by him to the said Willet, for the same sum of money due to the said Willet, for the said goods, wares and merchandizes, so as aforesaid sold and delivered; and the said Benjamin further avers, that the said judgment, so as aforesaid recovered, for and on account of the said sum of money so due to the said Willet, as for and on account of all other moneys owing by the said Benjamin, exceeded the whole amount due and owing from him; and the said Benjamin further avers, that the said sum of 1785 dollars and 85 cents, part of *the said sum of 9000 [*197] pounds, being of the value of 22,500 dollars; and the said sum of 1785 dollars and 85 cents, in the bill obligatory, in the declaration of the said Willet, is one and the same sum of money, and not different: And the said Benjamin further avers, that the said Willet, afterwards, to wit, on the first day of August, 1793, at the city, county and ward aforesaid, accepted the said judgment, so recovered by the said Anthony Franklin, Joseph Bird and Edmund Prior, in full satisfaction and discharge of the said bill obligatory, in the said declaration of the said Willet mentioned; and that afterwards, to wit, on the second of August, in the said year 1793, at the city, county and ward aforesaid, the said Benjamin, at the request of the said Willet, was taken into custo-

dy by the sheriff of the city and county of New York, on a *capias ad satisfaciendum*, issued on, and by virtue of the said judgment, and was afterwards, to wit, on the first day of January, 1795, at the city, county and ward aforesaid, by the consent of the said Willet, discharged from the said custody of the said sheriff: And this he is ready to verify, wherefore," &c.

There was the usual replication, and issue, as to the first and second pleas. To the third plea there was a demurrer and joinder.

*Colden*, in support of the demurrer.

*Burr*, contra.

KENT, J. delivered the opinion of the court, (LEWIS, J. absent.)

The demurrer admits all the facts stated in the last plea ; and the question then is, whether those facts do not amount to a satisfaction of the bill.

[*198]     *A judgment being a debt of a higher nature, will be sufficient to discharge a bond, if accepted, as a satisfaction. It is a certain and valuable satisfaction. The only objection to it, in the present case, is, that it was not stated to have been regularly assigned to the obligee, and placed under his power, by the act of the trustees. But upon examination of the plea, this appears to be sufficiently, although not expressly, alleged. The plaintiff, as *cestuy que trust*, affirmed the trust, and accepted the judgment in satisfaction, and proceeded to exercise power over it. Acceptance, here, is a relative term, and implies the previous offer, the requisite act on the part of the trustees, as owners of the judgment. We must intend this assent from the plea ; and, consequently, the plea was sufficient.

Judgment for the defendant.(*a*)

(*a*) See principal note to  *Coit* v. *Houston, infra,* vol. 3, p. 243 ;  *Furman* v. *Haskins,* 2 Caines' R.  369 ;  *Thatcher* v. *Dudley,* 2 Root, 169 ;  see *Bank* v. *Letcher,* 3 J. J. Marsh. 196.